Filed 1/14/14  P. v. DeJesus CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057055 |
| v. | (Super.Ct.No. RIF10004846) |
| OSVALDO VELEZ DeJESUS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael S. Hider, Judge. (Retired judge of the Merced Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Rodger Paul Curnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

This is an appeal by defendant and appellant, Osvaldo Velez DeJesus (defendant), from the judgment entered after a jury found him guilty on three counts of a seven-count information. The charges stem from a physical altercation defendant had with his then girlfriend, Jane Doe, on June 25, 2010. As a result of that altercation, the District Attorney of Riverside County charged defendant in count 1 with attempted willful, deliberate and premeditated murder (Pen. Code, § 664, 187);[1] count 2 with inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)); count 3 with assault with a deadly weapon (§ 245, subd. (a)(1)); count 4 with false imprisonment (§ 236); count 5 with making criminal threats (§ 422); count 6 with an attempt to make criminal threats (§§ 664, 422); and in count 7 with attempting to dissuade a witness from testifying (§ 136.1, subd. (a)(2)).

The jury acquitted defendant on counts 1, 4, 5, and 6. On counts 2 and 3, they found defendant guilty of the lesser included offenses of spousal battery in violation of section 243, subdivision (e)(1), and battery in violation of section 240, respectively. The jury convicted defendant of attempting to dissuade a witness in violation of section 136.1, subdivision (a), as alleged in count 7. Defendant admitted the allegations in connection with count 7 that he previously had been convicted of four prior serious felonies within the meaning of the three strikes law, section 667, subdivisions (c) and (e). Defendant also admitted the prior prison term allegation under section 667.5, subdivision (b), and the prior serious felony allegations under section 667, subdivision (a). After denying

---

[1] All statutory references are to the Penal Code unless otherwise stated.

defendant's motion under section 17, subdivision (b) (hereafter 17(b)), to reduce his conviction on count 7 to a misdemeanor, and denying his request to strike his prior serious felony convictions, the trial court sentenced defendant to serve the mandatory three strikes term of 25 years to life in state prison.[2]

Defendant contends in this appeal that the trial court incorrectly instructed the jury on count 7, the charge he attempted to dissuade Jane Doe from testifying at trial. Defendant also challenges his three strikes sentence on the following grounds: (1) the trial court abused its discretion in refusing to reduce defendant's conviction on count 7 to a misdemeanor; (2) the trial court abused its discretion in refusing to dismiss defendant's prior serious felony convictions; and (3) the sentence constitutes cruel and unusual punishment in violation of the state and federal Constitutions.

We conclude defendant's claims are meritless. Therefore, we will affirm the judgment.

## FACTS

Defendant and Jane Doe were walking to their apartment when they began arguing. Defendant hit Jane Doe in the face and she fell down on the sidewalk. At the apartment, Jane Doe told defendant to get his things and leave. Defendant grabbed a knife from the kitchen and said he wanted to kill Jane Doe's son, who was standing outside. When Jane Doe repeated that she wanted defendant to leave, he grabbed her by

---

[2] The trial court also imposed a determinate term of 12 years, comprised of one year on each of two alleged prison priors (§ 667.5, subd. (b)) and five years on each of two alleged prior serious felony convictions (§ 667, subd. (a)(1)).

the hair and hit her in the face. Jane Doe fell onto the couch. Defendant yelled that he was going to kill Jane Doe. The two fought with each other. Jane Doe's ex-husband, who had just brought their children home from a visit, tried to break up the fight but backed off when defendant threatened him with the knife. Defendant grabbed Jane Doe's hair and banged her head into the floor. Defendant also kicked her, hit her in the head, and choked her. Jane Doe's daughter called 911. The fight ended when sheriff's deputies and paramedics arrived at the apartment.

## DISCUSSION

### 1.

### FAILURE TO INSTRUCT ON SECTION 136.1

Defendant contends the trial court should have instructed the jury on the presumption set out in section 136.1, subdivision (a)(3), which states, "For purposes of this section, evidence that the defendant was a family member who interceded in an effort to protect the witness or victim shall create a presumption that the act was without malice."

Defendant did not request an instruction on the quoted principle. Instead he contends the trial court had a sua sponte duty to instruct on the legal principle. We do not share defendant's view, but we will not resolve the issue because defendant asserts an alternate claim—that he was denied the effective assistance of counsel as a result of his trial attorney not requesting a jury instruction based on the section 136.1, subdivision (a)(3) presumption. Consequently, we must determine whether trial counsel's performance was deficient because he failed to request such an instruction.

4

(See *People v. Dennis* (1998) 17 Cal.4th 468, 540-541, citing, among other cases, *Strickland v. Washington* (1984) 466 U.S. 668 [ineffective assistance of counsel requires defendant to show both deficient performance and resulting prejudice].)

The evidence is undisputed that defendant and Jane Doe were not married, and had been living together for about four months. The first issue we must resolve is whether defendant, as a cohabitant, is a "family member" of Jane Doe as that phrase is used in section 136.1, subdivision (a)(3). Defendant argues, because they lived together, that he and Jane Doe had a familial relationship. While that assertion might or might not be true, it is irrelevant. The statute uses the specific phrase, "family member," not familial relationship.

The phrase family member is not defined in the statute. Under settled principles of statutory construction, we give the words of a statute "their usual and ordinary meaning." (*DaFonte v. Up–Right, Inc.* (1992) 2 Cal.4th 593, 601.) The term family usually and ordinarily means a group of people related to each other by blood or marriage. (See The New Oxford American Dict. (2001) pp. 611-612.) Therefore, a family member is someone related to the victim by marriage or blood. Defendant was neither married to nor related by blood to Jane Doe.[3] Therefore, the presumption under section 136.1, subdivision (a)(3) does not apply to defendant, and defense counsel was

---

[3] Moreover, the Legislature has used the term cohabitant in statutes, including section 273.5, which makes it a crime, among other things, to willfully inflict corporal punishment on a spouse or cohabitant. (§ 273.5, subd. (a).) We may assume from the fact the Legislature did not use that term in section 136.1, subdivision (a)(3), that it did not intend to include cohabitants in the presumption.

not deficient for failing to request the instruction. Likewise, because defendant was not a family member of Jane Doe's, the trial court was not required to instruct on the presumption, either on request or sua sponte.

## 2.

## THREE STRIKES SENTENCE

Defendant as previously noted raises three challenges to his three strikes sentence of 25 years to life in state prison. First, defendant contends the trial court abused its discretion when it refused his motion to reduce his conviction on count 7, the charge that he attempted to dissuade a witness, from a felony to a misdemeanor. Next, defendant contends the trial court should have exercised its discretion to strike one or more of defendant's prior serious felony convictions. Finally, defendant contends his sentence of 25 years to life in state prison constitutes cruel and unusual punishment. We disagree with each of defendant's claims.

### A.  Section 17(b) Motion

Defendant filed a combined motion asking the trial court either to exercise discretion under section 17(b) to reduce his conviction on count 7 to a misdemeanor, and/or to exercise discretion to strike all but one of defendant's four prior serious felony convictions, a so-called *Romero*[4] motion. The objective of both motions was to avoid the three strikes sentence of 25 years to life in state prison mandated by defendant's four prior serious or violent felony convictions. The trial court denied both motions.

---

[4]  *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

6

Section 17(b) provides in pertinent part, "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or . . . by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:  [¶]  (1) After a judgment imposing a punishment other than imprisonment in the state prison . . . ."

The jury apparently believed defendant's claim that he and Jane Doe hit each other, and engaged in what commonly is referred to as mutual combat.  As a result, the jury found defendant not guilty on four counts.  On two of the three remaining counts, the jury found defendant guilty of lesser included offenses, both of which are misdemeanors. The only conviction that subjected defendant to punishment under the three strikes law was his conviction on count 7 for attempting to dissuade a witness in violation of section 136.1, subdivision (a)(2), which is punishable either by imprisonment in county jail, in which case the crime is a misdemeanor, or in state prison, in which case the crime is a felony.  In other words, the offense is a so-called "wobbler."  (See *People v. Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 355.)

Defendant argued in the trial court as he does in this appeal that his conduct in attempting to dissuade Jane Doe from testifying did not involve violence, or the threat of violence, and therefore does not warrant felony punishment.  The evidence showed defendant wrote a letter to Jane Doe in which he told her not to come to court because she might get caught by immigration and arrested.  Defendant also apparently telephoned her to say the same thing.

7

The trial court denied defendant's section 17(b) motion after first denying defendant's motion to strike his prior felony convictions. The trial court found defendant's criminal history to be "abominable," and noted, "Recidivism is a real problem for him. He keeps getting out, committing new offenses, and going back. And, of course, that's exactly what the three-strike law addresses." For the same reason, the trial court denied defendant's section 17(b) motion.[5]

We review a trial court's decision under section 17(b) for abuse of discretion. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.) "[S]ince all discretionary authority is contextual," the factors a trial court should consider when exercising discretionary authority under section 17(b) include "'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at trial.' [Citations.] When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, [former] rule 410 [now 4.410]." (*Id.* at p. 978, fn. omitted.)

In this case the trial court focused on defendant's recidivism as the reason for denying defendant's request to impose the misdemeanor sentence on count 7. That fact is

---

[5] According to his probation report, defendant had been convicted of robbery in 1990, served two years in prison, and was paroled in 1992. In 1992, he was convicted of a misdemeanor (fighting in public in violation of § 415) and was placed on probation for two years. In 1993, while on probation, defendant was convicted of three counts of robbery and sentenced to prison for 17 years eight months. He was paroled in 2006 and violated parole seven months later; he was paroled in 2007 and again violated parole within six months. After he completed the original prison term, defendant was paroled in June 2008, and discharged from parole in 2010. He committed this crime in June 2010.

an appropriate sentencing consideration. (See Cal. Rules of Court, rule 4.410(a) [general objectives of sentencing include deterring defendant from committing a new crime].) Moreover, the trial court could consider not only the fact that defendant attempted to dissuade Jane Doe from testifying, but also the circumstances surrounding that crime. Those circumstances include the fact that defendant had physically assaulted Jane Doe while yelling he was going to kill her. Defendant not only punched and kicked Jane Doe, he also threatened her and her son with a knife. We cannot say under these circumstances that the trial court's decision to deny defendant's section 17(b) motion is an abuse of discretion.

## B. *Romero* Motion

The trial court, as previously noted, denied defendant's request under section 1385 and *Romero* to strike his four prior felony convictions. "[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).)

"In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" [Citations.] Second, a "'decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'""

9

[Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at pp. 376-377.)

The three strikes law does not create a discretionary sentencing choice, and instead mandates a specific sentence of 25 years to life. (*Carmony*, *supra*, 33 Cal.4th at p. 376.) "[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper. [¶] In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]. Moreover, 'the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce[] an "arbitrary, capricious or patently absurd" result' under the specific facts of a particular case. [Citation.]" (*Carmony*, at p. 378.) "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in

10

whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Defendant did not demonstrate that he falls outside the three strikes sentencing scheme. In addressing this issue defendant urges us not to follow *People v. Neely* (2004) 124 Cal.App.4th 1258, which he contends was wrongly decided. *Neely* holds that violation of any subdivision of section 136.1 is a serious felony within the meaning of section 1192.7, subdivision (c), and therefore subject to three strikes sentencing.[6] (*People v. Neely*, at p. 1266.) Although defendant asserts *Neely* was wrongly decided, he does not support his assertion with any argument and therefore has not demonstrated the validity of his assertion.

In arguing the trial court abused its discretion by declining defendant's request to strike his prior felony convictions, defendant cites facts that show his desire to change his life. Among other things, defendant cites testimony of family members at his sentencing hearing regarding defendant's loyalty to his family, his character for being a hardworking person, and his dedication to his four-year-old disabled son. Defendant also points out that he admitted to the judge at his sentencing hearing that he had made wrong choices and was now determined to abide by the law. To that end defendant notes before his arrest in this case, he had been gainfully employed at a gas station and had also been

---

[6] Because it is a serious felony, the recent amendments to the three strikes law resulting from passage in November 2012 of Proposition 36, do not apply to defendant. (See § 667, subd. (e)(2)(C).)

11

working at a slaughterhouse in central California. Defendant also had sought and obtained admission to Delancey Street Foundation, a residential program for former alcoholics, drug addicts, and convicts, who wanted to turn their lives around and become productive, responsible members of society. Defendant provided the court with copies of certificates of completion for several classes he had taken that included substance abuse and practice tests to obtain a general education diploma, a so-called GED.

Defendant has shown he wants to change his life. However, he did not address any aspect of his four prior serious felony convictions, nor did he mention his background and the circumstances that caused him to commit the prior serious felonies. (See *People v. Williams*, *supra*, 17 Cal.4th at p. 161.) "Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary. Of course, in such an extraordinary case—where the relevant factors described in *Williams*, *supra*, 17 Cal.4th 148, manifestly support the striking of a prior conviction and no reasonable minds could differ—the failure to strike would constitute an abuse of discretion." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

Defendant has not made the required showing in this case. Although his sentence undoubtedly is harsh, we cannot say the trial court abused its discretion by imposing the mandatory three strikes sentence in this case.

**3.**

**CRUEL AND UNUSUAL PUNISHMENT**

Defendant contends his sentence of 25 years to life in state prison violates both the state and federal constitutional prohibitions against cruel and unusual punishment. At the outset, we reject the Attorney General's argument defendant forfeited this claim because he did not raise it in the trial court during his sentencing hearing. *People v. Gutierrez* (2012) 209 Cal.App.4th 646, which the Attorney General cites to support the forfeiture claim, is no longer citable because the Supreme Court granted review on January 3, 2013, S206365. Moreover, we are not inclined to apply forfeiture in this context. Therefore, we will address defendant's cruel and unusual punishment claim.

**A. State Standard**

Under the California Constitution, as the Supreme Court explained in *People* v. *Dillon* (1983) 34 Cal.3d 441, "a statutory punishment may violate the constitutional prohibition [against cruel and unusual punishment] not only if it is inflicted by a cruel or unusual method, but also if it is grossly disproportionate to the offense for which it is imposed." (*Id*. at p. 478.) "A penalty offends the proscription against cruel and unusual punishment when it is 'so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.' [Citations.]" (*People v. King* (1993) 16 Cal.App.4th 567, 571, quoting *In re Lynch* (1972) 8 Cal.3d 410, 424.) "A tripartite test has been established to determine whether a penalty offends the prohibition against cruel and unusual punishment. First, courts examine the nature of the offense and the offender, 'with particular regard to the degree of danger both present

to society.'  Second, a comparison is made of the challenged penalty with those imposed in the same jurisdiction for more serious crimes.  Third, the challenged penalty is compared with those imposed for the same offense in other jurisdictions.  [Citations.]" (*People v. King*, at p. 572, citing *In re Lynch*, at pp. 425-427, *In re Reed* (1983) 33 Cal.3d 914, 923, and *People v. Hernandez* (1985) 169 Cal.App.3d 282, 288.)

## 1.  Nature of the Offense/Offender

Defendant does not discuss his past or his prior offenses and therefore has not addressed the nature of the offender.  Regarding the nature of the offense, defendant again urges us not to follow *People v. Neely*, *supra*, 124 Cal.App.4th 1258, which holds that all violations of section 136.1, even those that do not involve violence or threats of violence, are serious felonies for purposes of three strikes sentencing.  We previously stated, and will state again here, we are not inclined to disagree with *People v. Neely*. There are sound public policy reasons to consider any effort to dissuade a witness from testifying a serious felony within the meaning of the three strikes law.

## 2.  Comparison with Other Jurisdictions

Defendant compares his three strikes sentence with the sentence he might have received under recidivist statutes in other states and contends his sentence is more severe. "That California's punishment scheme is among the most extreme does not compel the conclusion that it is unconstitutionally cruel or unusual.  This state constitutional consideration does not require California to march in lockstep with other states in fashioning a penal code.  It does not require 'conforming our Penal Code to the "majority rule" or the least common denominator of penalties nationwide.'  [Citation.]  Otherwise,

14

California could never take the toughest stance against repeat offenders or any other type of criminal conduct." (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1516, quoting *People v. Wingo* (1975) 14 Cal.3d 169, 179.)

### 3.  Comparison with Sentences for More Serious Offenses in California

Defendant does not address this issue.  His discussion consists of the single observation that his sentence is the same as if he had committed first degree murder and more than if he had committed second degree murder.  Although the observation is true, it is also inapt.  Defendant's sentence of 25 years to life is based not just on his current offense, but also on the fact of his recidivism.  (See *People v. Sullivan* (2007) 151 Cal.App.4th 524, 571.)  Under the three strikes law, all qualifying offenders are treated similarly.

In short, defendant has failed to demonstrate his punishment violates the California Constitution.

### B.  Federal Standard

Defendant's claim fares no better under the federal Constitution, which does not require strict proportionality between crime and punishment.  "'Rather, [the Eighth Amendment] forbids only extreme sentences that are "grossly disproportionate" to the crime.'"  (*People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1135; see also *Harmelin v. Michigan* (1991) 501 U.S. 957, 1001.)

The United States Supreme Court has upheld statutory schemes that result in life imprisonment for recidivists upon a third conviction for a nonviolent felony in the face of challenges that such sentences violate the federal constitutional prohibition against cruel

15

and unusual punishment. (See *Ewing v. California* (2003) 538 U.S. 11, 18, 30-31 [25-year-to-life sentence under the three strikes law for the theft of three golf clubs worth $399 apiece]; *Lockyer v. Andrade* (2003) 538 U.S. 63 [two consecutive 25-year-to-life terms for two separate thefts of videotapes worth less than $100].) The protection afforded by the Eighth Amendment is narrow. It applies only in the "'exceedingly rare'" and "'extreme'" case. (*Ewing v. California*, *supra*, 538 U.S. at p. 21.)

Defendant has not demonstrated this is the exceedingly rare and extreme case that violates the federal Constitution.

## CONCLUSION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
                                        Acting P. J.

We concur:


RICHLI
                J.


MILLER
                J.

16