[No. B173338. Second Dist., Div. Five. Dec. 14, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES RICARDO NEELY, Defendant and Appellant.

**COUNSEL**

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Victoria B.

Wilson, Sharon E. Loughner and Michael Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

**GRIGNON, Acting P. J.**— ■    In March 2000, the voters approved Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998, which among other changes, added to the list of serious felonies, "intimidation of victims or witnesses, in violation of [Penal Code s]ection 136.1." (Pen. Code, § 1192.7, subd. (c)(37).) Penal Code section 136.1 is unofficially entitled "Intimidation of witnesses and victims," and includes various offenses, but includes no offense of which "intimidation" is an element. Subdivisions (a) and (b) of Penal Code section 136.1 require that a defendant knowingly and maliciously prevent or dissuade or attempt to prevent or dissuade a victim or witness from reporting or testifying. These offenses are wobblers. Subdivision (c)(1) of Penal Code section 136.1 adds force or an express or implied threat of force or violence as an element. Subdivision (c)(1) offenses are felonies punishable by two, three or four years in state prison. The question is whether all felony violations of Penal Code section 136.1 are serious felonies or only violations of subdivision (c)(1). ■    We conclude that all felony violations of Penal Code section 136.1 are "serious felonies" within the meaning of Penal Code section 1192.7, subdivision (c)(37). Accordingly, we affirm defendant's conviction of a violation of Penal Code section 136.1, subdivision (a)(2) as a serious felony and the imposition of a five-year enhancement for a prior serious felony conviction pursuant to Penal Code section 667, subdivision (a).

## FACTS AND PROCEDURAL BACKGROUND

Defendant and appellant James Ricardo Neely was charged by information with 11 counts, including stalking (Pen. Code, § 646.9, subd. (b)), domestic violence (Pen. Code, § 273.5, subd. (a)), false imprisonment (Pen. Code, § 236), felony attempt to dissuade a victim or witness from testifying (Pen. Code, § 136.1, subd. (a)(2)), contempt (Pen. Code, § 166, subd. (a)(4)), and criminal threats (Pen. Code, § 422). The offenses occurred in the latter half of 2002 and the victim was defendant's wife. After a jury trial, defendant was convicted of stalking, felony attempt to dissuade a victim or witness from testifying, and five counts of contempt. Defendant admitted a prior serious felony conviction allegation (Pen. Code, §§ 1170.12, 667, subd. (a)) and three prior prison term allegations (Pen. Code, § 667.5, subd. (b)). The trial court concluded a felony violation of Penal Code section 136.1, subdivision (a)(2) was a serious felony within the meaning of Penal Code section 1192.7, subdivision (c)(37). Defendant was sentenced to the middle term of

two years, doubled, plus five years, plus three years for a total of twelve years in state prison. Defendant appealed.

## DISCUSSION

### Serious Felonies

■ "[Penal Code] section 1192.7, subdivision (c) enumerates those felony violations that constitute serious felonies under California law. Where a defendant has been convicted of a serious felony, reoffending may result in severe consequences: certain prior serious felony convictions are strikes under the Three Strikes Law [citations], and all prior serious felony convictions subject a defendant to an additional five-year sentence enhancement if the current offense is a serious felony. [Citation.] [¶] The electorate, in passing Proposition 21, added several new felony violations to the list of serious felonies in [Penal Code] section 1192.7, subdivision (c), including" (*People v. Briceno* (2004) 34 Cal.4th 451, 458 [20 Cal.Rptr.3d 418, 99 P.3d 1007]) Penal Code section 1192.7, subdivision (c)(37) which makes "intimidation of victims or witnesses, in violation of [Penal Code s]ection 136.1" a serious felony. Proposition 21 "revise[d] the lists of specific crimes defined as serious or violent offenses, thus making most of them subject to the longer sentence provisions of existing law related to serious and violent felonies." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) p. 47.)[1] In this case, we are asked to interpret the scope of Penal Code section 1192.7, subdivision (c)(37).

### Statutory Construction

■ " 'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' [Citation.]" (*People v. Briceno, supra*, 34 Cal.4th at p. 459.) " 'Statutory language should not be interpreted in isolation, but must be construed in the context of the entire statute of which it is a part, in order to achieve harmony among the parts.' " (*Ibid.*) A reference to an entire section of a statute demonstrates the voters' intent to encompass the entire section, because the electorate has shown that it knows how to require the violation of a specific subdivision of a statute if that is its intent. (See *id.* at p. 462.)

---

[1] We take judicial notice of the March 7, 2000 Primary Election Ballot Pamphlet.

*Proposition 21*

Proposition 21 amended, repealed and added sections to the Penal Code and the Welfare and Institutions Code, including Penal Code sections 186.22, 667.5, and 1192.7, and Welfare and Institutions Code section 707. Each of these sections includes references to Penal Code section 136.1.

Welfare and Institutions Code section 707 concerns the unfitness of certain juveniles to be treated as juveniles. Subdivision (b) sets forth a list of offenses for which certain juveniles will be presumed unfit to be adjudicated as juveniles. Prior to the enactment of Proposition 21, the statute included in the list of Welfare and Institutions Code section 707, subdivision (b) offenses, "[a]ny felony offense described in [Penal Code s]ection 136.1 . . . ." (Welf. & Inst. Code, § 707, subd. (b)(19).) The Legislature added subdivision (b)(19) to the list in 1982. Proposition 21 reenacted Welfare and Institutions Code section 707 without changing this subdivision.

■ Penal Code section 186.22 concerns gang offenses and gang enhancements. Prior to Proposition 21, the section contained two references to Penal Code section 136.1. Subdivision (b)(5) of Penal Code section 186.22 provided an enhancement if defendants convicted of gang-related offenses were "also convicted of a felony violation of [Penal Code] section 136.1, which violation is accompanied by a credible threat of violence or death made to the victim or witness to a violent felony. . . ." Proposition 21 repealed this provision and replaced it with subdivision (b)(4)(C) of Penal Code section 186.22, which provides for an indeterminate sentence with a minimum term of seven years for a gang-related felony conviction of "threats to victims and witnesses, as defined in [Penal Code s]ection 136.1." Subdivision (e) of Penal Code section 186.22 sets forth a list of the predicate gang offenses to establish a "pattern of criminal gang activity," including "[t]he intimidation of witnesses and victims, as defined in [Penal Code s]ection 136.1." (Pen. Code, § 186.22, subd. (e)(8).) This provision was included in the original statute as subdivision (e)(7) enacted by the Legislature in 1988. (Stats. 1988, ch. 1256, § 1, p. 4179.) This subdivision was unchanged by Proposition 21.

■ Penal Code section 667.5, subdivision (c) sets forth a list of violent felonies. Proposition 21 added subdivision (c)(20) to the list: "Threats to victims or witnesses, as defined in [Penal Code s]ection 136.1, which would constitute a felony violation of [s]ection 186.22 of the Penal Code." Thus, a violation of Penal Code section 136.1 is a violent felony only when it is gang related.

Penal Code section 1192.7, subdivision (c) sets forth a list of serious felonies. Proposition 21 added subdivision (c)(37) to the list: "intimidation of victims or witnesses, in violation of [Penal Code s]ection 136.1."

*Penal Code Section 136.1*

At the time the voters adopted Proposition 21, Penal Code section 136.1 provided: "(a) Except as provided in subdivision (c), any person who does any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year or in the state prison: [¶] (1) Knowingly and maliciously prevents or dissuades any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law. [¶] (2) Knowingly and maliciously attempts to prevent or dissuade any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law. [¶] (3) For purposes of this section, evidence that the defendant was a family member who interceded in an effort to protect the witness or victim shall create a presumption that the act was without malice. [¶] (b) Except as provided in subdivision (c), every person who attempts to prevent or dissuade another person who has been the victim of a crime or who is witness to a crime from doing any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year or in the state prison: [¶] (1) Making any report of that victimization to any peace officer or state or local law enforcement officer or probation or parole or correctional officer or prosecuting agency or to any judge. [¶] (2) Causing a complaint, indictment, information, probation or parole violation to be sought and prosecuted, and assisting in the prosecution thereof. [¶] (3) Arresting or causing or seeking the arrest of any person in connection with that victimization. [¶] (c) Every person doing any of the acts described in subdivision (a) or (b) knowingly and maliciously under any one or more of the following circumstances, is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years under any of the following circumstances: [¶] (1) Where the act is accompanied by force or by an express or implied threat of force or violence, upon a witness or victim or any third person or the property of any victim, witness, or any third person. [¶] (2) Where the act is in furtherance of a conspiracy. [¶] (3) Where the act is committed by any person who has been convicted of any violation of his section, any predecessor law hereto or any federal statute or statute of any other state which, if the act prosecuted was committed in this state, would be a violation of this section. [¶] (4) Where the act is committed by any person for pecuniary gain or for any other consideration acting upon the request of any other person. All parties to such a transaction are guilty of a felony."

*Penal Code Section 1192.7, Subdivision (c)(37)*

Defendant was convicted of a felony violation of Penal Code section 136.1, subdivision (a)(2). Defendant contends Penal Code section 136.1, subdivision (a)(2) is not a serious felony within the meaning of Penal Code section 1192.7, subdivision (c)(37). He argues that *intimidation* of a witness is a serious felony and the only subdivision in Penal Code section 136.1 that may reasonably be construed as intimidation of a witness is subdivision (c)(1), which includes the element of "by force or by an express or implied threat of force or violence." The prosecution responds that all felony violations of Penal Code section 136.1 are serious offenses.

We look first to the language of Penal Code section 1192.7, subdivision (c)(37). It refers to intimidation of victims or witnesses in violation of Penal Code section 136.1. The reference to Penal Code section 136.1 is not limited by a reference to a specific subdivision, but encompasses the entire section.

The Legislature has expressly set forth a method for the construction of such a statute. "Whenever any offense is described in [the Penal Code] . . . as criminal conduct and as a violation of a specified code section or a particular provision of a code section, in the case of any ambiguity or conflict in interpretation, the code section or particular provision of the code section shall take precedence over the descriptive language. The descriptive language shall be deemed as being offered only for ease of reference unless it is otherwise clearly apparent from the context that the descriptive language is intended to narrow the application of the referenced code section or particular provision of the code section." (Pen. Code, § 7.5.) Several Court of Appeal cases have construed Penal Code section 7.5 to require an ambiguity or conflict in a Penal Code section in order for the provisions of Penal Code section 7.5 to apply to the construction of the Penal Code section. (*Williams v. Superior Court* (2001) 92 Cal.App.4th 612, 620–622 [111 Cal.Rptr.2d 918]; *People v. Winters* (2001) 93 Cal.App.4th 273, 277–278 [113 Cal.Rptr.2d 158]; *People v. Haykel* (2002) 96 Cal.App.4th 146, 149–150 [116 Cal.Rptr.2d 667].) Those same cases have concluded that Penal Code section 1192.7, subdivision (c)(31), relating to assault with a deadly weapon or firearm in violation of Penal Code section 245 is not ambiguous. (*William v. Superior Court, supra,* 92 Cal.App.4th at p. 623; *People v. Winters, supra,* 93 Cal.App.4th at pp. 277–278; *People v. Haykel, supra,* 96 Cal.App.4th at p. 149.) Penal Code section 1192.7, subdivision (c)(37), on the other hand, is ambiguous. Its description refers to an offense that is not an offense set forth in the statute and also refers to the statute by number.

(Cf. Pen. Code, §§ 245, 1192.7, subd. (c)(31).) Under these circumstances, the number of the code section must take precedence over the descriptive language.

We look also to the language of Penal Code section 136.1. We note first that Penal Code section 136.1 is unofficially entitled "Intimidation of Witnesses and Victims" in West's Annotated California Codes. Moreover, a violation of Penal Code section 136.1 is commonly referred to as intimidation of a witness. (*People v. Brenner* (1992) 5 Cal.App.4th 335, 340–341 [7 Cal.Rptr.2d 260].) We note second that none of the offenses included in Penal Code section 136.1 includes "intimidation" as an element of the offense. Finally, we note that, other than in the title, the word "intimidation" appears only once in Penal Code section 136.1. Subdivision (d) sets forth the scope of the proscribed conduct. It provides that a person may be guilty of subdivision (a), (b), or (c) whether or not the victim or witness was actually prevented or dissuaded from reporting or testifying. It provides further that a person may be guilty of subdivision (a), (b), or (c) even if the victim is not physically injured "or in fact intimidated." Thus, the only reference to "intimidation" in the statute is in the context of all three of the subdivisions that set forth offenses. In addition, the descriptive word "intimidation" does not apply to any of the subparagraphs of subdivision (c) other than subparagraph (1). (Pen. Code, § 136.1, subd. (c)(2) [conspiracy], (3) [repeat offender], (4) [for financial gain].)

■ Therefore, it appears that the phrase "intimidation of victims or witnesses" in Penal Code section 1192.7, subdivision (c)(37) is merely descriptive of the offenses set forth in Penal Code section 136.1 and was not intended to limit a serious felony to any particular subset of Penal Code section 136.1. Accordingly, we conclude the statutory language is susceptible of only one reasonable construction: all felony violations of Penal Code section 136.1 are serious felonies.

But, defendant argues, if the electorate had so intended, the provision would have read *any felony violation of Penal Code section 136.1.* In order to address this argument, we consider the statute in context of the entire statutory scheme.

After the adoption of Proposition 21, Penal Code section 1192.7, subdivision (c) listed 41 categories of serious felonies.[2] Proposition 21 added five

---

[2] After Proposition 21 was adopted on March 7, 2000, Penal Code section 1192.7, subdivision (c) read in full as follows: "(c) As used in this section, 'serious felony' means any of the following: [¶] (1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (5) oral copulation by force, violence,

entirely new categories of serious felonies to the Penal Code section 1192.7, subdivision (c) list: (28) "any felony offense, which would also constitute a felony violation of Section 186.22"; (33) "discharge of a firearm at an inhabited dwelling, vehicle, or aircraft, in violation of Section 246"; (36) "shooting from a vehicle, in violation of subdivision (c) or (d) of Section 12034"; (37) "intimidation of victims or witnesses, in violation of Section 136.1"; and (38) "terrorist threats, in violation of Section 422." Other than the gang-related felony provision of subdivision (c)(28), each of the entirely new categories was described both in words and by reference to a particular statute. Proposition 21 also expanded other existing categories by adding three partly new categories of serious felonies to the Penal Code section 1192.7, subdivision (c) list: (29) "assault with the intent to commit mayhem,

---

duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (6) lewd or lascivious act on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing bodily injury, great bodily injury, or mayhem; (17) exploding a destructive device or any explosive with intent to murder; (18) any burglary of the first degree; (19) robbery or bank robbery; (20) kidnapping; (21) holding of a hostage by a person confined in a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering, giving, or offering to sell, furnish, administer, or give to a minor any heroin, cocaine, phencyclidine (PCP), or any methamphetamine-related drug, as described in paragraph (2) of subdivision (d) of Section 11055 of the Health and Safety Code, or any of the precursors of methamphetamines, as described in subparagraph (A) of paragraph (1) of subdivision (f) of Section 11055 or subdivision (a) of Section 11100 of the Health and Safety Code; (25) any violation of subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person; (26) grand theft involving a firearm; (27) carjacking; (28) any felony offense, which would also constitute a felony violation of Section 186.22; (29) assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220; (30) throwing acid or flammable substances, in violation of Section 244; (31) assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245; (32) assault with a deadly weapon against a public transit employee, custodial officer, or school employee, in violation of Sections 245.2, 245.3, or 245.5; (33) discharge of a firearm at an inhabited dwelling, vehicle, or aircraft, in violation of Section 246; (34) commission of rape or penetration by a foreign object in concert with another person, in violation of Section 264.1; (35) continuous sexual abuse of a child, in violation of Section 288.5; (36) shooting from a vehicle, in violation of subdivision (c) or (d) of Section 12034; (37) intimidation of victims or witnesses, in violation of Section 136.1; (38) terrorist threats, in violation Section 422; (39) any attempt to commit a crime listed in this subdivision other than an assault; (40) any violation of Section 12022.53; and (41) any conspiracy to commit an offense described in this subdivision."

rape, sodomy, or oral copulation, in violation of Section 220"; (31) "assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245"; and (32) "assault with a deadly weapon against a public transit employee, custodial officer, or school employee, in violation of Sections 245.2, 245.3, or 245.5." Each of the partly new categories was described both in words and by reference to a particular statute. In addition, Proposition 21 added descriptive words to three categories that had previously been identified by statute only: (30) "throwing acid or flammable substances, in violation of Section 244"; (34) "commission of rape or penetration by a foreign object in concert with another person, in violation of Section 264.1"; and (35) "continuous sexual abuse of a child, in violation of Section 288.5." Thus, it appears that the drafters of Proposition 21 had a preference for a combination of descriptive words together with statutory references, providing both clarity and ease of reference. Accordingly, the descriptive language is not surplusage. It is also apparent that the drafters limited a statutory category by subdivision when they so intended. (Pen. Code, § 1192.7, subd. (c)(36) [subd. (c) or (d) of Pen. Code, § 12034].)[3]

Defendant argues further that it is unlikely the voters intended to make a wobbler a serious felony. This argument is similarly defeated by a reading of the statute in the context of the entire statutory scheme. Some of the other serious felonies listed in Penal Code section 1192.7, subdivision (c) are also wobblers. (See, e.g., Pen. Code, §§ 186.22, 246, 245.)

We conclude all felony violations of Penal Code section 136.1 are serious felonies within the meaning of Penal Code section 1192.7, subdivision (c)(37). As we have discussed, this conclusion is based on the language of Penal Code section 1192.7, subdivision (c)(37), the language of Penal Code section 136.1, the legislative aid to statutory construction found in Penal Code section 7.5, and a reading of the provision in the context of the entire statutory scheme. We note that such a construction is also consistent with the intent of the voters to expand the list of serious felonies and make them subject to increased penalties.

---

[3] We also note that Proposition 21 used various language to describe violations of Penal Code section 136.1 in amending the four statutes. (Pen. Code, §§ 186.22, 667.5, 1192.7; Welf. & Inst. Code, § 707, subd. (b).) We discern no meaningful pattern from the use of different language in the different statutes.

## DISPOSITION

The judgment is affirmed.

Armstrong, J., and Mosk, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 16, 2005.