Filed 2/24/14  P. v. Scott CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>VIOLET SCOTT,<br><br>  Defendant and Appellant. | H038492<br>(Santa Cruz County<br> Super. Ct. No. F21526) |

While in jail for assaulting his girlfriend, defendant Violet Scott telephoned his girlfriend and told her not to testify against him.  Defendant was charged by amended information with attempting to dissuade a witness in violation of Penal Code section 136.1, subdivision (a)(2).[1]  It was further alleged that he was ineligible for probation under section 1203, subdivision (k).  Section 1203, subdivision (k) applies where a defendant is convicted of a serious felony committed while on felony probation.  Defendant was on felony probation when he committed his violation of section 136.1.  Section 1192.7, subdivision (c)(37) provides that "intimidation of victims or witnesses, in violation of Section 136.1" is a serious felony.  (§ 1192.7, subd. (c)(37).)

Defendant pleaded guilty to the section 136.1 count.  However, he did not admit the probation ineligibility allegation.  Defendant waived his right to a jury trial on that

---

[1]     Subsequent references are to the Penal Code unless otherwise specified.

allegation, but he demurred to the allegation on the ground that the amended information did not specify any act of intimidation. Defendant claimed that a violation of section 136.1 was a serious felony only where there was an act of intimidation. The trial court overruled the demurrer and found the allegation true, thereby rendering defendant ineligible for probation. Defendant was committed to state prison for the lower term of 16 months.

On appeal, defendant reiterates his contention that a violation of section 136.1, subdivision (a)(2) is not a serious felony without proof of intimidation. The Second District Court of Appeal rejected this same contention in *People v. Neely* (2004) 124 Cal.App.4th 1258 (*Neely*). The Second District began with the statutory language of section 1192.7, subdivision (c)(37), and it noted that the "reference to Penal Code section 136.1 is not limited by a reference to a specific subdivision, but encompasses the entire section." (*Neely*, at p. 1265.) The court then looked to section 7.5 to aid in its construction of section 1192.7, subdivision (c)(37)'s language, and it concluded that the code section took precedence over the descriptive language. (*Neely*, at p. 1265.)

Defendant claims that *Neely* was "wrongly decided." He maintains that section 7.5 did not apply here because the language of section 1192.7, subdivision (c)(37) was not "ambiguous" as the Second District found in *Neely*. We disagree. Section 7.5 states: "Whenever any offense is described in this code . . . as criminal conduct *and* as a violation of a specified code section or a particular provision of a code section, *in the case of **any** ambiguity or conflict* in interpretation, the code section or particular provision of the code section shall take precedence over the descriptive language. The descriptive language shall be deemed as being offered only for ease of reference unless it is otherwise *clearly apparent* from the context that the descriptive language is intended to narrow the application of the referenced code section or particular provision of the code section." (§ 7.5, bold and italics added.)

Section 136.1 contains no reference to intimidation, but the entire section has been given the informal title of "'Intimidation of Witnesses and Victims.'" (*Neely*, *supra*, 124 Cal.App.4th at p. 1266.) While this informal title does not resolve the meaning of the reference in section 1192.7, subdivision (c)(37), the informal title, combined with the absence of any intimidation requirement anywhere in section 136.1, compels the conclusion that either the reference is to the entire section or it is ambiguous. We agree with the Second District that section 7.5 therefore applies to section 1192.7, subdivision (c)(37), which describes a serious felony offense as "intimidation of victims or witnesses, in violation of Section 136.1." This description includes both "a specified code section" and "descriptive language." Since it is not "clearly apparent from the context that the descriptive language is intended to narrow" section 1192.7, subdivision (c)(37)'s application, section 7.5 compels the conclusion that section 1192.7, subdivision (c)(37)'s reference is to the entire code section.[2]

Defendant's reliance on *People v. Haykel* (2002) 96 Cal.App.4th 146 (*Haykel*) is misplaced. The issue there was whether Haykel's prior conviction for assault by means of force likely to produce great bodily injury in violation of section 245 qualified as a serious felony under section 1192.7, subdivision (c)(31). Section 1192.7, subdivision (c)(31) applies to "assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245." (§ 1192.7, subd. (c)(31).) Unlike section 1192.7, subdivision (c)(37), at issue here, subdivision (c)(31)'s descriptive language expressly identified some, but not all, of the prohibitions in section 245: subdivision (a)(1) [deadly weapon]; subdivision (a)(2) [firearm]; subdivision (a)(3) [machinegun or assault weapon]; subdivision (b)

_____

[2]     The only reference to intimidation in section 136.1 is in subdivision (d), which concerns attempts. It states: "The fact that no person was injured physically, or in fact intimidated, shall be no defense against any prosecution under this section." This use of "intimidated" suggests that it applies generally to all section 136.1 offenses.

[semiautomatic firearm]; and subdivisions (c) and (d) [on peace officer or firefighter]. (§ 245, subds. (a)(1), (a)(2), (a)(3), (b), (c), (d).)  What section 1192.7, subdivision (c)(31) *excluded* from its description was one specific type of assault prohibited by section 245:  subdivision (a)(4), which applies to an assault by "means of force likely to produce great bodily injury . . . ."  (§ 245, subd. (a)(4).)  Under these circumstances, the *Haykel* court found that section 7.5 did not apply because the reference was not ambiguous, and Haykel's prior conviction for assault by means of force likely to produce great bodily injury was not a serious felony conviction.  That holding is immaterial here where, unlike in *Haykel*, the descriptive language does not match some, but not other, types of section 136.1 violations.  The descriptive language does not match any specific type of section 136.1 violation, which suggests that the reference was to the entire section generally.

Defendant wants us to conclude that section 1192.7, subdivision (c)(37) refers to only subdivision (c)(1) of section 136.1.  Section 136.1, subdivision (c)(1) makes no reference to intimidation.  Instead, it applies "[w]here the act is accompanied by force or by an express or implied threat of force or violence."  (§ 136.1, subd. (c)(1).)  Proposition 21, which created section 1192.7, subdivision (c)(37), also added to section 667.5, subdivision (c)'s list of violent felonies section 667.5, subdivision (c)(20).  Section 667.5, subdivision (c)(20) identifies as a violent felony "*[t]hreats* to victims or witnesses, as defined in Section 136.1, which would constitute a felony violation of Section 186.22 of the Penal Code."  (§ 667.5, subd. (c)(20), italics added.)  If the voters had really meant section 1192.7, subdivision (c)(37)'s reference to refer to only section 136.1, subdivision (c)(1), the voters would have used the "threats" language that they used in adding subdivision (c)(20) to section 667.5.  Notably, section 136.1, subdivision (c)(1) expressly refers to "threats" but says nothing about intimidation.  Defendant's argument assumes that the voters meant the same thing when they used *different* language.  "Where different words or phrases are used in the same connection in different parts of a statute,

4

it is presumed the Legislature [or the electorate] intended a different meaning." (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1117.) This presumption compels rejection of defendant's argument.

The judgment is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Premo, Acting P. J.

_____
Grover, J.