Filed 5/30/14  P. v. Zubia CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>ANDY GONZALES ZUBIA,<br><br>　　　　Defendant and Appellant. | E058382<br><br>(Super.Ct.No. RIF1201701)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Thomas Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Andy Gonzales Zubia appeals from a judgment of conviction for intimidating/dissuading a witness (Pen. Code, § 136.1, subd. (b))[1] as a felony, and misdemeanor convictions for vandalism (§ 594, subd. (b)(2)(A)) and battery (§ 242). After defendant admitted two prior serious felonies that were "strikes," he was sentenced to 25 years to life. On this appeal he asserts that none of his current convictions—and specifically, not under section 136.1, subdivision (b)—was a "serious felony" subjecting him to "Third Strike" sentencing. (§ 667, subd. (e)(2)(A) & (C).) We disagree, and affirm the judgment.

STATEMENT OF FACTS

Due to the nature of defendant's challenge, we need not recite the facts of the case in detail. The day before the charged offenses, defendant struck his sister and then left the family house, an incident that was either witnessed by or known to Arturo Pacheco, defendant's nephew. Police were apparently called. At 2:00 a.m., Pacheco heard the door of the home "go boom" as defendant knocked it down and entered. Defendant approached his sister, who was present, and began to shout at her about the earlier incident. When Pacheco went to protect her, defendant knocked him down and kicked him repeatedly. After Pacheco tried to call 911, defendant began to kick him again, shouting insults and obscenities. He told Pacheco that if he tried to call 911 again, "he would f*** me up more." Later, prior to trial, defendant told his sister to change her

---

[1] All subsequent statutory references are to the Penal Code.

2

story and say that he was already in the home when the attack began. (Thus, arguably negating any burglary charge.)[2]

DISCUSSION

The "Three Strikes Law" now imposes its more severe penalties only on those defendants whose current conviction is for a "serious and/or violent" felony as respectively defined in sections 1192.7, subdivision (c), and 667.5, subdivision (c). Section 1192.7, subdivision (c)(37), lists "intimidation of victims or witnesses, in violation of Section 136.1." Thus, to begin with, it appears clear that defendant's current conviction is a "serious felony" as the reference to section 136.1 is not limited to any particular subdivision.

However, defendant argues that his conviction for violating subdivision (b) of section 136.1 is not a "serious felony," for "strike" purposes, because the subdivision applies to cases where the defendant attempts to "prevent or dissuade" rather than "intimidate." We find his construction unpersuasive and contrary to existing law, with which we agree.

Section 136.1 contains three subdivisions, two of which are "wobblers" (subds. (a) & (b)) and one of which is a straight felony (subd. (c)). None of these subdivisions uses the word "intimidation." Subdivisions (a) and (b), respectively, prohibit either the acts of, or attempts to, either "prevent[] or dissuade[]" a victim or witness from testifying at trial, or to "prevent[] or dissuade[]" a victim or witness from reporting a crime.

_____

[2] The charge under section 136.1, however, specified Pacheco as the victim.

3

Subdivision (c), the "straight felony," applies to the acts previously described if committed by force or threats, or under other aggravating circumstances that do not necessarily involve threats or force.[3]

In *People v. Neely* (2004) 124 Cal.App.4th 1258, 1265, the court rejected the defendant's assertions that only "straight felony" violations of section 136.1, subdivision (c), were "serious felonies," because only those violations involved "intimidation," which is included in the specification in section 1192.7, subdivision (c)(37). That court began by noting that the Legislature itself had specified the prime rule of construction in section 7.5: "Whenever any offense is described in [the Penal Code] as criminal conduct and as a violation of a specified code section or a particular provision of a code section, *in the case of any ambiguity or conflict in interpretation, the code section or particular provision of the code section shall take precedence over the descriptive language*." (*Ibid*., italics added.) In West's Annotated California Code, the unofficial title of section 136.1 is, in part, "Intimidation of witnesses and victims" but, in fact, as suggested above, the word "intimidation" never occurs in the statute. The closest reference is in subdivision (d), which, expressly with respect to *all three* previous subdivisions, provides that, "The fact that no person was injured physically, or in fact intimidated, shall be no defense . . ." As this usage indicated that the drafters believed that violations of *any*

---

[3] Section 136.1, subdivision (c), also replies to repeat offenders under the statute and those who do so for financial gain or other consideration. Defendant's construction of section 1192.7, subdivision (c)(37), would make such defendants subject to "Three Strikes" sentencing even if no force or threats were used—not a particularly logical result, given his premise.

subdivision involved intimidation—were using "intimidation," "dissuasion," and "prevention" as loose synonyms—the *Neely* court concluded that the use of the word in section 1192.7, subdivision (c)(37), was similarly loosely descriptive rather than limiting. (124 Cal.App.4th at pp. 1265-1266.)

Defendant argues that *Neely* was incorrectly decided because the charges against him alleged prevention or dissuasion "with no allegation of intimidation pursuant to subdivision (c)(1)." But as we have noted, even subdivision (c)(1) of section 136.1 does not use the term "intimidate" or "intimidation," although it is true that the conduct described therein is, in fact, intimidating.[4] He asserts that subdivision (c)(37) of section 1192.7 was intended to limit the "serious felony" class to "intimidation," but we agree with *Neely* that the word was more likely simply picked up from the statute's title without any such intent.

Defendant also argues that *Neely* incorrectly applied section 7.5 as an construction tool because "intimidation of victims or witnesses, in violation of section 136.1" is not ambiguous. We disagree; the ambiguity lies in the absence of "intimidation" as an express element in *any* subdivision.

Defendant cites to the history and ballot arguments relating to "Proposition 21," the "Gang Violence and Juvenile Crime Prevention Act of 1998" (as approved by voters, Primary Election (March 7, 2000)), which amended section 1192.7 to add violations of

---

[4] As defendant had knocked Pacheco down and kicked him before threatening to "f*** him up more" if he called 911, it is not clear why the People did not charge defendant under section 136.1, subdivision (c), in the first place.

section 136.1. By quoting some of the more inflammatory language used to support the initiative, he argues that the voters were concerned about "gang members, rapists and murderers" who were currently receiving only a "slap on the wrist." But despite the repeated argumentative references to "juveniles" and "gang members," Proposition 21 as written and enacted applies to all offenders. We must assume that the voters read the initiative they were presented with.

In *Neely*, the court supported its conclusion by noting that Proposition 21 had added five new categories of serious felonies and three "partly new categories," all but one of which were described "both in words and by reference to a particular statute." (*People v. Neely*, *supra*, 124 Cal.App.4th at p. 1267.) The court thus found a general preference for combining description with statutory numbers for "clarity and ease of reference." (*Id*. at p. 1268.) Defendant attempts to make much of the "plain error" thus committed by pointing out that the *Neely* court apparently "missed" one new "serious felony,"[5] that added section 1192.7, subdivision (c)(40), described only as "any violation of Section 12022.53." That the preference for combining description with statutory number is reflected by a 7-out-of-9 rather than a 7-out-of-8 ratio does not undercut *Neely*'s reasoning.

In our view, the reference to "Section 136.1" unlimited by specification to any subdivision virtually requires the conclusion that all violations are "serious felonies."

---

[5] In fact, defendant asserts that *Neely* missed "at least one," suggesting that he too is not confident of the accuracy of his scrutiny of the statute and initiative.

6

Nor do we find this illogical even if the primary intent of Proposition 21 was to address violent crime. However committed, not only is a violation of Section 136.1 designed to enable criminals (many of them violent) to escape punishment, but it is also a fundamental attack on the justice system. To class all violations of the statute as "serious felonies" makes perfect sense.[6]

This brings us to defendant's final contention—that treating the conviction as a "serious felony" as to him is impermissible because section 1192.7, subdivision (c)(37), is ambiguous and must be construed in his favor. We recognize the rule of lenity. (See *People v. Soria* (2010) 48 Cal.4th 58, 65.) But, if the subdivision is ambiguous at all, which we do not concede, it is clarified by section 7.5, to wit: the specification of the statute prevails over any loose descriptive language. Furthermore, "'the construction of a statute by judicial decision becomes a part of it . . . .'" (*People v. Honig* (1996) 48 Cal.App.4th 289, 328.) When defendant committed his offense, *Neely* had been the law for approximately eight years. His conviction was properly found to have been for a "serious felony."

---

[6] The People argue that the Legislature has "acquiesced" in the holding of *Neely* by failing to amend section 1192.7, subdivision (c)(37). Generally, a measure enacted through the initiative process may only be amended by approval of the electorate, unless the original initiative allows amendment or repeal without the electorate approval. (Cal. Const., art. II, § 10(c).) Section 39 of Proposition 21 does allow such amendment, but only "rollcall vote entered in the journal, two-thirds of the membership of each house concurring." While theoretically possible, we are not inclined to give the Legislature's failure to amend the statute in an ameliorative manner too much weight.

7

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
Acting P. J.

We concur:

<u>RICHLI</u>
J.

<u>CODRINGTON</u>
J.