Filed 8/13/15  P. v. Ybarra CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D066431 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD181115) |
| EDWARD YBARRA, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Larry R. Brainard, Judge.  (Retired Judge of the San Diego Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Neil F. Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

In 2004, a jury convicted Edward Ybarra of two felony offenses: making a criminal threat (count 1) and attempting to dissuade a witness from testifying (count 4). The jury also found true two prior felony strike allegations. The trial court imposed two consecutive terms of 25 years to life under the Three Strikes law, plus a consecutive determinate term of 11 years. In 2014, Ybarra filed a petition for resentencing under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)). (Undesignated statutory references are to the Penal Code.) The trial court denied the petition on the ground Ybarra was disqualified for relief based on his convictions. Ybarra timely appealed. We affirm.

## DISCUSSION

Ybarra argues he is eligible for resentencing for attempting to dissuade a witness, a crime he contends is not a serious felony, even though his other current felony for making a criminal threat is a serious felony enumerated in section 1192.7, subdivision (c). Our high court recently decided that the existence of a serious or violent felony conviction does not bar resentencing on all other commitment offenses. (*People v. Johnson* (2015) 61 Cal.4th 674, 681-682.) As we discuss below, resolution of this issue does not aid Ybarra because we reject his contention that attempting to dissuade a witness is not a serious felony.

"In March 2000, the voters approved Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998, which among other things, added to the list of serious felonies, 'intimidation of victims or witnesses, in violation of [Penal Code

2

s]ection 136.1.'" (*People v. Neely* (2004) 124 Cal.App.4th 1258, 1261 (*Neely*), citing § 1192.7, subd. (c)(37).)  In 2004, Ybarra was convicted of felony attempting to dissuade a witness under section 136.1, subdivision (a)(2), which required that he knowingly and maliciously prevented or dissuaded any witness or victim from attending or giving testimony at any legal proceeding.  A violation of section 136.1, subdivision (c)(1) requires the above elements and that the act be "accompanied by force or by an express or implied threat of force or violence, upon a witness or victim or any third person or the property of any victim, witness, or any third person."  Notably, the word "intimidation" is not contained in subdivisions (a), (b) or (c) of section 136.1.

Ybarra contends that a conviction for a violation of section 136.1, subdivision (a)(2) is not a serious felony as defined in section 1192.7.  He argues statutory interpretation compels the conclusion that a violation of section 136.1 is a serious felony only if a victim or witness has been intimidated in the commission of the offense.  In other words, only section 136.1, subdivision (c)(1) qualifies as witness "intimidation" because it requires a threat of force or violence.  In making this argument, Ybarra concedes the appellate court in *Neely* concluded that all felony violations of section 136.1 are serious felonies within the meaning of the Three Strikes law.  (*Neely*, *supra*, 124 Cal.App.4th at p. 1268.)  Nevertheless, he asserts *Neely* was wrongly decided.

The question presented is one of statutory interpretation.  "To determine legislative intent, we turn first, to the words of the statute, giving them their usual and

3

ordinary meaning. [Citations.] When the language of a statute is clear, we need go no further. However, when the language is susceptible of more than one reasonable interpretation, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*People v. Flores* (2003) 30 Cal.4th 1059, 1063.)

Section 1192.7, subdivision (c)(37) provides that "intimidation of victims or witnesses, in violation of Section 136.1" is a serious felony. To us, the plain language of the statute suggests that Ybarra's current conviction, a violation of section 136.1, is a serious felony as the reference to section 136.1 in subdivision (c)(37) of section 1192.7 is not limited to any particular subdivision within section 136.1. We need go no further. "When the language of a statute or constitutional provision is clear and unambiguous, judicial construction is not necessary and the court should not engage in it." (*Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310, 323.) Had the drafters of Proposition 21 intended to limit application of subdivision (c)(37) to violations of section 136.1, subdivision (c)(1), they would have said so directly by a limiting reference to that subdivision.

Despite this obvious answer, Ybarra contends the word "intimidation" in subdivision (c)(37) of section 1192.7 should be given effect. He argues that had the electorate wished to define any violation of section 136.1 as a serious felony, subdivision (c)(37) would have provided that "'any violation of section 136.1'" or

4

alternatively that "'dissuasion of victims or witnesses, in violation of Section 136.1'" was a serious felony. We disagree.

The *Neely* court found section 1192.7, subdivision (c)(37) to be ambiguous as its description referred to an offense, intimidation, that is not an offense set forth in section 136.1 and also referred to section 136.1 by number. (*Neely*, *supra*, 124 Cal.App.4th at p. 1265.) Accordingly, the *Neely* court applied the rule of construction set forth in section 7.5: "Whenever any offense is described in [the Penal Code] . . . as criminal conduct and as a violation of a specified code section or a particular provision of a code section, *in the case of any ambiguity or conflict in interpretation, the code section or particular provision of the code section shall take precedence over the descriptive language*." (*Neely*, at p. 1265, italics added.) In a nutshell, the *Neely* court concluded that reference in subdivision (c)(37) to a "violation of Section 136.1" controlled over the descriptive use of the word "intimidation"; thus, all felony violations of section 136.1 were serious felonies. (*Neely*, at p. 1266.)

Assuming, without deciding, that subdivision (c)(37) is ambiguous and section 7.5 is required for its interpretation, we agree with *Neely*. (*Williams v. Superior Court* (2001) 92 Cal.App.4th 612, 622 [an ambiguity or conflict in a Penal Code section is required for the provisions of section 7.5 to apply to the construction of a Penal Code section].) The unofficial title of section 136.1 is, in part, "[i]ntimidation of witnesses and victims." (47A West's Ann. Pen. Code (2014 ed.) § 136.1, p. 67.) "Intimidation" is not a statutory element for a violation of subdivisions (a), (b) or (c) of section 136.1. Rather, the word intimidation appears in subdivision (d), which, expressly with respect

5

to all three previous subdivisions, provides that "[t]he fact that no person was injured physically, or in fact intimidated, shall be no defense . . . ." This usage indicates the drafters believed that violations of any subdivision of section 136.1 could involve intimidation. (*Neely*, *supra*, 124 Cal.App.4th at p. 1266.) As the *Neely* court concluded, and we agree, use of the word "intimidation" in section 1192.7, subdivision (c)(37) was likely picked up from the title of section 136.1 and was intended to be descriptive rather than limiting. (*Neely*, at pp. 1265-1266.)

Ybarra argues that section 7.5 does not come into play because there is no statutory ambiguity in the mandate of section 1192.7, subdivision (c)(37), that "intimidation of victims or witnesses, in violation of Section 136.1" is a serious felony. As discussed above, we agree that application of section 7.5 is not required as the plain language of the statute does not favor Ybarra's argument.

Ybarra also asserts that, to the extent section 7.5 applies and may mandate an interpretation of subdivision (c)(37) contrary to his argument, the application of that statute would abrogate the rule of lenity, infringing on his constitutional right to notice of the penalties to which criminal misconduct may subject him. Under the rule of lenity, a statutory ambiguity is resolved by adopting the construction that is more favorable to the defendant. (*People v. Canty* (2004) 32 Cal.4th 1266, 1277.) The rule of lenity does not apply as use of section 7.5 was not required. Even if reliance on this statute was required, its use eliminated any ambiguity. Ybarra's assertion that section 7.5 is unconstitutional is supported by no authority and we reject it.

DISPOSITION

The order denying the petition for recall of sentence is affirmed.

MCINTYRE, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.