Filed 8/17/20  P. v. Covington CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F078549 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 15472) |
| AARON ROBERT COVINGTON, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Mariposa County.  F. Dana Walton, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christopher J. Rench, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P.J., Smith, J. and Snauffer, J.

## INTRODUCTION

Appellant Aaron Robert Covington was found guilty of dissuading a witness, a wobbler offense. The trial court declared the offense a felony but imposed a misdemeanor sentence. Covington appealed and filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. The People appealed, challenging the imposition of a misdemeanor sentence for a felony conviction as an abuse of discretion. We remand for resentencing.

## FACTUAL AND PROCEDURAL SUMMARY

Covington's mother testified she lived in a mobile home in Mariposa County. On December 24, 2016, she went to work near Yosemite and stayed several days, returning on December 28. Upon her return home, she found two of her TiVo's were missing, the frame to her bedroom door had been removed, and the contents of several boxes had been disturbed.

Later in the day on December 28, Covington entered the mobile home uninvited. Mother asked Covington where her TiVo's were, and he told her he threw them away. Covington saw mother looking at her cell phone, grabbed the phone, and removed the battery. Covington demanded mother give him $2,000, claiming people were trying to kill him. Mother refused and Covington pushed her.

When Covington went into the bedroom, mother plugged in her cell phone and dialed 911. Mother hoped the call would go through and the operator would hear the commotion. She left the phone in the living room and went to the bedroom.

Covington went through mother's purse and took all the cash and what he thought was a debit card. When he demanded the PIN from mother, she told him she only used the card to enter the bank. He slapped her.

Covington left the bedroom and returned to the living room. He saw the cell phone, grabbed it and broke it in half. Covington then left through the back door.

2

Mother walked out the front door to find help. Covington appeared and demanded the keys to her car. When she refused, Covington dragged her down the front steps and then tried to drag her back into the mobile home. Covington eventually gave up and ran off. Mother went to a neighbor's and the neighbor called law enforcement.

Law enforcement investigated Covington's Facebook postings and found that two days before he confronted his mother, he posted about "going to strong-arm my mother to force her into paying me money." He also posted that he was "going over there when she's home and I'm going to beat it out of her."

Covington denied demanding money from his mother or taking the debit card. He also denied dragging her down the stairs. He claimed he was merely being sarcastic in his Facebook postings.

Covington was charged with two counts of residential burglary, one count of robbery, one count of dissuading a witness by force or threat, and one count of false imprisonment by violence.

The jury deadlocked on one burglary count and the trial court declared a mistrial on that count. On the dissuading a witness by force or threat count, the jury found Covington guilty of the lesser included offense of dissuading a witness. The jury found Covington not guilty on the other counts.

The probation report recommended probation be denied. The report noted that the available prison terms for a felony violation of Penal Code[1] section 136.1, subdivision (b)(1), were 16 months, two years, or three years. The report also stated Covington was entitled to 1,069 days of presentence credit, which exceeded the maximum term of three years. The probation officer recommended Covington be

---

[1] Further references to statutes are to the Penal Code.

3

sentenced to a term of three years, awarded 1,069 days of presentence credit, and pay various fines and fees.

Covington filed a motion for new trial, noting his conviction was a wobbler. He argued the conviction should be dismissed or reduced to a misdemeanor. Covington claimed the conviction should not stand because mother was not the victim of any crime because the jury deadlocked or acquitted on all the other charges.

The People opposed the motion for new trial, noting that section 136.1, subdivision (b)(1) does not require the underlying crime be independently proven at trial. The trial court denied the motion.

At sentencing, defense counsel argued a prison term would be inappropriate. Defense counsel requested the conviction be deemed a misdemeanor and a "terminal disposition" of 364 days was appropriate.

The trial court denied probation. The trial court expressly found the offense to be a felony and warned Covington he now had a "strike under the Three Strikes Law." Covington was sentenced to a term of "364 days in incarceration with credit for time served."

Covington and the People both appealed.

## DISCUSSION

Covington's appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, Cal.3d 436, on March 1, 2019. That same day, this court issued its letter to Covington inviting him to submit a supplemental brief. No supplemental brief was filed.

The People's appeal challenges the imposition of a misdemeanor sentence for a felony conviction.

We first note that the trial court did not err in denying Covington's motion for new trial because the People were not required to prove beyond a reasonable doubt an

4

underlying crime that a witness was dissuaded from reporting or testifying regarding. (See *People v. Cribas* (1991) 231 Cal.App.3d 596, 611 & fn.11.)

After independently reviewing the record, we find no meritorious issues except for the sentencing issue raised in the People's appeal.

Turning now to the People's appeal, we agree the trial court abused its discretion at sentencing. The trial court is presumed to have applied the correct statutory and case law in performance of its duties. (*People v. Jacobo* (1991) 230 Cal.App.3d 1416, 1430.) However, the record in this case indicates otherwise.

Dissuading a witness under section 136.1, subdivision (b)(1), is a wobbler offense. (*People v. McElroy* (2005) 126 Cal.App.4th 874, 880.) When the conviction for dissuading a witness is a misdemeanor, the sentence may not exceed 364 days in county jail. (§§ 17, subd. (b), 18.5.) For a felony conviction of dissuading a witness, the sentencing triad is 16 months, two years, or three years. (§§ 18, 136.1, subd. (b)(1), 1170, subd. (h)(1).)

A felony conviction for dissuading a witness is a serious felony under section 1192.7, subdivision (c)(37). (*People v. Neely* (2004) 124 Cal.App.4th 1258, 1266–1268.) Consequently, a county jail term is not an available sentence. (§ 1170, subd. (h)(3); *People v. Scott* (2014) 58 Cal.4th 1415, 1418.) The sentence for a felony conviction of dissuading a witness "shall be served in the state prison." (§ 1170, subd. (h)(3); see also *People v. Griffis* (2013) 212 Cal.App.4th 956, 961–962.)

A wobbler offense charged as a felony is regarded as a felony for all purposes until imposition of sentence. If a misdemeanor sentence is imposed, the offense is thereafter a misdemeanor. (*People v. Upsher* (2007) 155 Cal.App.4th 1311, 1320.) If ultimately a misdemeanor sentence is imposed pursuant to section 17, subdivision (b), the offense is a misdemeanor for all purposes from that point forward. (*People v. Feyrer*

(2010) 48 Cal.4th 426, 439 superseded on another ground in *People v. Park* (2013) 56 Cal.4th 782, 789 & fn. 4.)

Here, the trial court expressly classified the conviction as a felony and told Covington he would have a strike offense under the "Three Strikes" law going forward. However, imposition of a 364-day misdemeanor sentence is inconsistent with that express statement of intent by the trial court because the misdemeanor sentence alters the nature of the conviction. Imposition of a sentence other than a term of imprisonment denotes treatment of the offense as a misdemeanor. (*People v. Park*, *supra*, 56 Cal.4th at pp. 791–793.)

Although the trial court clearly understood it had the discretion to classify the offense as a felony or misdemeanor, and classified it as a felony, it clearly misunderstood the effect of imposing a misdemeanor sentence and that it lacked the ability to impose a misdemeanor sentence for a felony offense. It is apparent that the trial court misunderstood the law and therefore did not exercise informed discretion in imposing a sentence. (*People v. Downey* (2000) 82 Cal.App.4th 899, 912.) The appropriate remedy is to remand the matter for resentencing. (*People v. Lee* (2017) 16 Cal.App.5th 861, 874–875.)

## DISPOSITION

The sentence is vacated, and the judgment is affirmed in all other respects. The matter is remanded for resentencing.