Filed 5/23/14

<u>CERTIFIED FOR PARTIAL PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B249651 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA038015) |
| v. | |
| TIMOTHY WAYNE JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Affirmed.

Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson, Noah P. Hill and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

_____

* Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part 2 of the Discussion.

Defendant Timothy Wayne Johnson appeals from an order denying his petition for recall of his sentence pursuant to Penal Code section 1170.126.[1] The superior court found Johnson was ineligible for resentencing because his current offense, attempting to dissuade a witness, is a serious felony. Johnson urges that because dissuading a witness was not defined as a serious felony when he committed his crimes in 1998, he is eligible for resentencing regardless of the fact the offense was later added to section 1192.7's serious felony list. In the published portion of this opinion, we conclude that, for purposes of section 1170.126's resentencing procedure, the determination of whether a defendant's current crime qualifies as a serious or violent felony must be based on whether the crime was so defined as of November 7, 2012, Proposition 36's effective date. Accordingly, Johnson's contention that he is eligible for resentencing under section 1170.126 lacks merit. In the unpublished portion of the opinion, we hold that a trial court's order finding a defendant ineligible for resentencing under section 1170.126 is appealable.

## BACKGROUND

In 1998, a jury convicted Johnson of two counts of attempting to dissuade a witness (§ 136.1, subd. (a)(2)). At the time Johnson committed the crimes, attempting to dissuade a witness in violation of section 136.1 was not defined as a serious or violent felony for purposes of the Three Strikes law. Because the jury also found Johnson had suffered three prior convictions for "strike" offenses—robbery (§ 211), residential burglary (§ 459), and assault with personal use of a firearm or infliction of great bodily injury (§ 245, subd. (a)(2))—the trial court sentenced him to a term of 28 years to life pursuant to the Three Strikes law. This court affirmed the judgment in a nonpublished opinion (*People v. Johnson* (Sept. 15, 2000, B128901)).

---

[1]     All further undesignated statutory references are to the Penal Code.

2

Effective November 7, 2012, the electorate enacted Proposition 36, the Three Strikes Reform Act of 2012 (the Act). (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167, 169-170; *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1285 (*Kaulick*).) Among other things, Proposition 36 added section 1170.126, which provides that certain eligible inmates serving indeterminate life sentences under the Three Strikes law may petition the trial courts for reductions in their sentences. (*Yearwood,* at p. 170.)

On May 10, 2013, Johnson filed a petition for recall of his sentence in the Los Angeles County Superior Court pursuant to section 1170.126. Johnson acknowledged that his current offense, witness intimidation, was at the time of the petition listed as a serious felony, but argued this fact did not make him ineligible for resentencing because the offense had not been listed as a serious or violent felony when he committed the crimes in 1998. On June 12, 2013, the superior court denied Johnson's petition with prejudice, on the ground his current convictions for witness intimidation were serious felonies under section 1192.7, subdivision (c)(37), rendering him ineligible for resentencing. Johnson appeals the trial court's order.

## DISCUSSION

1. *Proposition 36.*

On November 6, 2012, California voters approved Proposition 36, the Act, which amended sections 667 and 1170.12 effective November 7, 2012. (*People v. White* (2014) 223 Cal.App.4th 512, 517 (*White*); *People v. Yearwood, supra,* 213 Cal.App.4th at pp. 167, 169.) Under the Three Strikes law as it existed prior to passage of Proposition 36, a defendant convicted of two prior serious or violent felonies was subject to a 25-years-to-life sentence upon his or her conviction of *any* additional felony. (*White*, at p. 517; *Yearwood,* at pp. 167-168; *Kaulick*, *supra,* 215 Cal.App.4th at pp. 1285-1286.) Under amended sections 667 and 1170.12, a defendant who has been convicted of two prior strikes is subject to such a sentence only if the current, third felony is itself a serious or violent felony, or certain enumerated exceptions apply. (*White*, at p. 517; *Kaulick*, at p. 1286; *Yearwood,* at p. 167; §§ 1170.12, subd. (c)(2)(C), 667, subd. (e)(2)(C).)

3

Proposition 36 also added section 1170.126,[2] which sets up a resentencing procedure for prisoners presently serving indeterminate terms under the former version of the Three Strikes law, who would not have been sentenced to such terms under

_____

[2]    Section 1170.126 provides in pertinent part:  "(a)  The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence.
     "(b)  Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.  [¶] . . . [¶]
     "(e)  An inmate is eligible for resentencing if:
     "(1)  The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.
     "(2)  The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
     "(3)  The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
     "(f)  Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e).  If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

Proposition 36. (*People v. Yearwood, supra,* 213 Cal.App.4th at p. 170; *White, supra,* 223 Cal.App.4th at p. 517.) An eligible prisoner may file a petition to recall his or her sentence in the trial court, and seek resentencing as a second strike offender. (§ 1170.126, subds. (b), (e); *Kaulick, supra,* 215 Cal.App.4th at p. 1286; *Yearwood*, at p. 170.) An inmate is eligible for such resentencing only if none of his or her current offenses are serious or violent felonies, and no other enumerated disqualifying factors apply. (§ 1170.126, subd. (e); *Yearwood*, at p. 170; *White*, at pp. 517, 522.) Resentencing of eligible inmates may nonetheless be refused if the trial court, in its discretion, determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f); *White,* at p. 517; *Kaulick*, at p. 1286; *Yearwood*, at p. 170.) Thus, the section 1170.126 resentencing procedure involves three determinations: first, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and resentencing would not pose an unreasonable risk of danger, the court must actually resentence the prisoner. (*Kaulick*, at p. 1299.)

    2. *Appealability.*

        The parties disagree about whether the trial court's denial of Johnson's petition is appealable. Johnson asserts that the court's ruling is appealable under section 1237, subdivision (b), as an order made after judgment that affects his substantial rights. The People, on the other hand, argue that because Johnson's current offenses are serious felonies, he had no statutory right to file a petition for recall in the first instance; therefore, the superior court's denial of his petition cannot have implicated his substantial rights. The Courts of Appeal are split on this issue, and our Supreme Court is currently considering it. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017; *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted Dec. 18, 2013, S214264; *People v. Wortham* (2013) 220 Cal.App.4th 1018, review

5

granted Jan. 15, 2014, S214844; *In re Martinez* (2014) 223 Cal.App.4th 610, review granted May 14, 2014, S216922.)

The right of appeal is statutory, and a judgment or order is not appealable unless expressly made so by statute. (*People v. Totari* (2002) 28 Cal.4th 876, 881 (*Totari*); *People v. Mazurette* (2001) 24 Cal.4th 789, 792.) Section 1170.126 does not specifically address whether a trial court's denial of a petition for recall of sentence under section 1170.126 is appealable. However, section 1237, subdivision (b) provides that a defendant may appeal from "any order made after judgment, affecting the substantial rights of the party." Therefore, Johnson may appeal from the order if it affects his substantial rights.

*Totari* provides guidance on the question. There, the California Supreme Court concluded a trial court's denial of a statutory section 1016.5 motion to vacate the judgment was appealable. (*Totari, supra,* 28 Cal.4th at p. 879.) Section 1016.5 requires that a trial court advise a defendant of potential immigration consequences before accepting his or her plea of guilty or no contest, and provides for the remedy of a motion to vacate should the court fail in this duty. The statute does not expressly authorize the appeal of an adverse ruling on such a motion. (*Totari*, at pp. 879, 881-882.) Accordingly, *Totari* looked to section 1237 to determine appealability. The court observed that ordinarily, an order is not appealable where it would " 'merely bypass or duplicate appeal from the judgment itself.' [Citation.]" (*Totari*, at p. 882.) However, that rule did not apply in *Totari*: "[T]he Legislature has established specific requirements for a motion to vacate under section 1016.5. Once the Legislature has determined that a noncitizen defendant has a substantial right to be given complete advisements and affords defendant a means to obtain relief by way of a *statutory* postjudgment motion to vacate, the 'no second appeal' rule loses its urgency and a denial order qualifies as an 'order made after judgment, affecting the substantial rights of the party' (§ 1237, subd. (b))." (*Totari*, at pp. 886-887.)

Similarly, section 1170.126 gives eligible inmates a substantial right to have a trial court reconsider their sentences, and establishes specific requirements for a petition for recall and resentencing. The "no second appeal" rule has no application here; given the retrospective nature of Johnson's petition (see *Kaulick, supra,* 215 Cal.App.4th at pp. 1292-1293), denial of the petition obviously could not have been raised on direct appeal. Thus, the superior court's denial of Johnson's section 1170.126 petition to recall is an "order made after judgment, affecting the substantial rights of the party" and is appealable pursuant to section 1237, subdivision (b).

The People's argument that the court's ruling cannot have affected Johnson's substantial rights because he was not eligible to file a petition for recall in the first instance puts the cart before the horse. (See *Totari, supra,* 28 Cal.4th at pp. 884-885.) The crux of Johnson's appeal is that the trial court erred in finding him ineligible. An *erroneous* finding of noneligibility clearly would affect Johnson's substantial rights. Further, contrary to the People's argument, not all eligibility determinations are straightforward and beyond dispute, as the case in point illustrates. (See generally *Kaulick, supra,* 215 Cal.App.4th at pp. 1298-1299, fns. 21 & 22; *White, supra,* 223 Cal.App.4th at p. 519.) Moreover, even if we were to conclude the trial court's order was nonappealable, in the interests of judicial economy and because the issue Johnson raises is of general concern, we could treat Johnson's appeal as a petition for writ of habeas corpus. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4; cf. *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853.) In light of the foregoing, we review the merits of Johnson's appeal.

3. *Because his current offense is a serious felony, Johnson is ineligible for the section 1170.126 resentencing procedure.*

We conclude the superior court correctly denied Johnson's petition for recall of sentence. Johnson is statutorily ineligible for resentencing because his current offense—attempted witness intimidation in violation of section 136.1—was defined as a serious felony on November 7, 2012, when Proposition 36 went into effect. (§ 1192.7, subdivision (c)(37) and (39).) Johnson is therefore ineligible for resentencing under the

7

Act.  (§ 1170.126, subds. (b), (e)(1); *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, 946 (*Braziel*).)

Johnson attempts to circumvent this conclusion by arguing that when he committed his offenses in 1998, witness intimidation was not listed as a serious or violent felony.  The offense was not so categorized until Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998, effective March 8, 2000, added witness intimidation in violation of section 136.1 to the list of serious felonies.  (§ 1192.7, subd. (c)(37); *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 574, 577; *People v. Neely* (2004) 124 Cal.App.4th 1258, 1261-1262, 1264.)[3]  He points out that section 1170.126 states it is intended "to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant" to the Three Strikes law, "whose sentence under this act would not have been an indeterminate life sentence."  (§ 1170.126, subd. (a).)  He contends he falls within this class of persons, because his current crime was not, at the time he committed it, a serious felony.  Therefore, he could not have been sentenced as a "third striker" to an indeterminate life term under the law as amended by Proposition 36.  Contrary to Johnson's argument, we do not read section 1170.126 to require that, *for purposes of the Proposition 36 resentencing procedure*, the definitions of serious and violent felonies must be considered as they were at the time the crime was committed.

---

[3]    Proposition 21 also added violation of section 136.1, when gang-related, to the list of violent felonies.  (§ 667.5, subd. (c)(20); *People v. Neely, supra,* 124 Cal.App.4th at p. 1263; *Manduley v. Superior Court, supra,* 27 Cal.4th at p. 577; *People v. Briceno* (2004) 34 Cal.4th 451, 463 ["Making threats to victims or witnesses (§ 136.1) is a *serious* felony (§ 1192.7, subd. (c)(37)) that becomes a *violent* felony when it is committed for the benefit of a criminal street gang under the section 186.22(b)(1) gang enhancement"].)  It does not appear that the 1998 charges against Johnson included a gang enhancement, and the parties do not address the question of whether the crimes qualified as "gang-related" within the meaning of section 667.5, subdivision (c)(20).  For the sake of convenience, we assume without deciding that Johnson's offenses constituted serious, but not violent, felonies.

Indeed, our colleagues in Division Seven have recently rejected arguments similar to those Johnson makes here. (*Braziel, supra,* 225 Cal.App.4th at p. 946.) In *Braziel,* the defendant's current offenses included making a criminal threat (§ 422). As in the instant matter, that crime was not defined as a serious felony at the time Braziel was convicted, but was added to the list of serious felonies in 2000 by Proposition 21. (*Braziel*, at p. 939.) Consequently, the trial court denied Braziel's petition for recall of his Three Strikes sentence because the section 422 offense was a serious felony. (*Id.* at p. 937.) Based on its analysis of the language of section 1170.126, considered in the context of the overall statutory scheme, and evidence of the voters' intent, the *Braziel* court concluded that "in determining whether an inmate is eligible for recall of his sentence under section 1170.126, the court must use the current, post-Proposition 36 definitions of serious and/or violent felonies, not those definitions in effect at the time of commission of the crimes." (*Braziel*, at p. 946.) Therefore, Braziel's conviction for making a criminal threat under section 422 rendered him ineligible for recall of his sentence. (*Ibid.*)

We agree with this conclusion. When interpreting a voter initiative, our primary purpose is to ascertain and effectuate the voters' intent. (*People v. Park* (2013) 56 Cal.4th 782, 796; *People v. Briceno, supra,* 34 Cal.4th at p. 459; *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901 (*Robert L.*); *People v. Ringo* (2005) 134 Cal.App.4th 870, 883.) We apply the same principles that govern statutory construction. Thus, we look first to the language of the statute, giving the words their ordinary meaning. (*Park*, at p. 796; *Briceno*, at p. 459; *Robert L.*, at pp. 900-901.) The plain meaning of the statutory language controls, unless it would lead to absurd results the electorate could not have intended. (*People v. Birkett* (1999) 21 Cal.4th 226, 231.) The statutory language must be construed in the context of the statute as a whole and the overall statutory scheme. (*Briceno,* at p. 459; *Robert L.*, at p. 901; *Ringo*, at p. 883.) When the statutory language is ambiguous, we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet. (*Briceno*, at p. 459; *Robert L.*, at p. 901; *Ringo,* at p. 883.)

Here, the plain language of section 1170.126 makes clear that Johnson's argument lacks merit. When referring to serious or violent felony convictions, section 1170.126 uses the present tense. Subdivision (b) states that any person serving a third strike term for "a felony or felonies that *are not* defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . ." (§ 1170.126, subd. (b), italics added.) Similarly, subdivision (e)(1) provides: "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that *are not* defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1), italics added.) The use of the present tense indicates that only persons whose current, commitment offense was not defined as serious or violent on Proposition 36's effective date may file a petition for recall. (*Braziel, supra,* 225 Cal.App.4th at pp. 940-941 [section 1170.126's use of the present tense in subdivision (e)(1), and use of the past tense coupled with the present participle in subdivision (e)(2), support the conclusion that the current definitions of offenses are determinative].) Stated conversely, if an inmate's current crime was defined as a serious or violent felony on November 7, 2012, he or she is ineligible for section 1170.126's resentencing provisions. " '[The legislative] use of a verb tense is significant in construing statutes.' [Citations.]" (*People v. Loeun* (1997) 17 Cal.4th 1, 11; *In re Valerie A.* (2007) 152 Cal.App.4th 987, 1008.) Had the electorate intended for a defendant's resentencing eligibility to hinge on whether his or her current crime was categorized as a serious or violent felony when committed, it could have said so. Section 1170.126 could have been, but was not, drafted to state that a prisoner is ineligible for recall of sentence if his or her current felony was defined as serious or violent *when committed.*

10

Johnson urges that sections 1170.126 and 1170.125, read together, "require that the determination of whether a commitment offense is a serious felony be based upon the statutory definition of serious or violent felony at the time of the commission of the commitment offense." He argues that "from its inception," section 1170.125 "has required that new designations of serious and violent felonies are to be applied going forward, to offenses committed 'after' the effective date of the amendments to the lists of serious or violent felonies." From this, he infers that an offense cannot be considered a serious felony unless it was so denominated at the time it was committed. To address this contention, we briefly trace the history of section 1170.125.

When the Three Strikes law was enacted in 1994, section 667, subdivision (h) provided: "All references to existing statutes in subdivisions (c) to (g), inclusive, are to statutes as they existed on June 30, 1993." (Stats. 1994, ch. 12, § 1, p. 75; see *Manduley v. Superior Court, supra,* 27 Cal.4th at p. 574; *People v. Ringo, supra,* 134 Cal.App.4th at pp. 883-884.)

As noted, effective March 8, 2000, voters enacted Proposition 21. (*People v. Superior Court (Andrades)* (2003) 113 Cal.App.4th 817, 824 (*Andrades*); *People v. James* (2001) 91 Cal.App.4th 1147, 1149.) Proposition 21 added several offenses to the list of serious and violent felonies, including Johnson's current crime, dissuading a witness. (*People v. Neely, supra,* 124 Cal.App.4th at p. 1264; *Manduley v. Superior Court, supra,* 27 Cal.4th at p. 577; see generally 3 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Punishment, § 421, pp. 650-651.) At the same time, Proposition 21 added sections 667.1 and 1170.125. (*James*, at p. 1149.) As added by Proposition 21, section 667.1 provided: " 'Notwithstanding subdivision (h) of Section 667, for all offenses committed on or after the effective date of this act, all references to existing statutes in subdivisions (c) to (g), inclusive, of Section 667, are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by this act.' " (*James*, at p. 1149.) Section 1170.125 provided: " 'Notwithstanding Section 2 of Proposition 184, as adopted at the November 8, 1994 General Election, for all offenses committed on or after the effective date of this act, all references to existing

11

statutes in Section 1170.12 are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by this act.' " (*James*, at p. 1149; Couzens & Bigelow, California Three Strikes Sentencing (Rutter Group 2013) § 3:1, p. 3-3.) Thus, Proposition 21 changed the "cutoff " or "lock-in" date in the Three Strikes law to March 8, 2000, allowing certain offenses that were not previously classified as strikes to become so. (*Manduley v. Superior Court, supra,* at p. 574; *People v. Bowden* (2002) 102 Cal.App.4th 387, 390-391.)

Thereafter, courts consistently determined whether a *prior* offense qualifies as a serious or violent felony by reference to the current definitions, not the definitions in place when the prior offense was committed. (*Braziel, supra,* 225 Cal.App.4th at p. 944.) *People v. James,* for example, held that "if a defendant's current offense was committed on or after the effective date of Proposition 21 [March 8, 2000], a determination whether the defendant's prior conviction was for a serious felony within the meaning of the [T]hree [S]trikes law must be based on the definition of serious felonies in Penal Code section 1192.7, subdivision (c) in effect on March 8, 2000." (*People v. James, supra,* 91 Cal.App.4th at p. 1150; *People v. Bowden, supra,* 102 Cal.App.4th at p. 391; *Andrades, supra,* 113 Cal.App.4th at pp. 821, 830; Couzens & Bigelow, *supra*, § 3:3, p. 3-7 ["A prior conviction may be deemed a strike even though the crime was not defined as a serious or violent felony at the time it was incurred, as long as it would so qualify as of the applicable interpretation date"].) This application of Proposition 21's modification of the cut-off date did not constitute an ex post facto law. (*Bowden*, at p. 391.)

In 2006, sections 667.1 and 1170.125 were amended again to change the "cut-off" date from March 8, 2000 to September 20, 2006. (Stats. 2006, ch. 337, §§ 29, p. 2634 & 36, pp. 2642-2643; 3 Witkin & Epstein, Cal. Criminal Law, *supra*, § 421, p. 651; Couzens & Bigelow, *supra*, § 3:1, at p. 3-3.)

Proposition 36 again amended section 1170.125, changing the cut-off date to November 7, 2012. Section 1170.125 now reads: "Notwithstanding Section 2 of Proposition 184, as adopted at the November 8, 1994, General Election, for all offenses committed on or after November 7, 2012, all references to existing statutes in Sections

1170.12 and 1170.126 are to those sections as they existed on November 7, 2012." The initiative also amended sections 667.1 and 667, subdivision (h) to reflect the new, November 7, 2012 date. (Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law (Nov. 2013) p. 24 [<http://www.courts.ca.gov/documents/Three-Strikes-Amendment-Couzens-Bigelow.pdf>] [as of May 23, 2014].)[4]

The "amendment of sections 667.1 and 1170.125 potentially affect[s] the application of Proposition 36 to persons sentenced in an original proceeding under sections 667(b)-(i) and 1170.12, and persons requesting resentencing under section 1170.126." (Couzens & Bigelow, *supra*, The Amendment of the Three Strikes Sentencing Law, at p. 24.) As to *persons being sentenced in an original proceeding*, "[f]or crimes committed prior to November 7, 2012, . . . the applicable law will be determined by the date of the offense. Such an interpretation date is necessary to avoid any ex post facto concerns created by the periodic amendment to sections 667.5 and 1192.7 to add more crimes to the list of serious and violent felonies." (Couzens & Bigelow, *supra*, at pp. 24-25.) Thus, if Johnson was being sentenced for his current crime in an original proceeding, whether his current crime is a strike—a serious or violent felony—would be governed by the law in effect as of the date of the offense. (*Id.* at p. 25.)

The same is not true, however, when a defendant who has already been sentenced petitions for recall and seeks resentencing under section 1170.126. Unlike when considering whether a defendant's current offense is serious or violent in an original sentencing proceeding, ineligibility for *resentencing* under the Act does not raise ex post facto concerns. Indeed, Johnson does not advance an ex post facto argument. The ex

---

[4]     Section 667.1 now states: "Notwithstanding subdivision (h) of Section 667, for all offenses committed on or after November 7, 2012, all references to existing statutes in subdivisions (c) to (g), inclusive, of Section 667, are to those statutes as they existed on November 7, 2012." Section 667, subdivision (h) now provides that all references to existing statutes in section 667, subdivisions (c) to (g), inclusive, "are to statutes as they existed on November 7, 2012."

post facto clauses of the state and federal Constitutions prohibit statutes that retroactively increase the punishment for a crime. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9; *People v. McKee* (2010) 47 Cal.4th 1172, 1193; *People v. Schoop* (2012) 212 Cal.App.4th 457, 475; *People v. Palacios* (1997) 56 Cal.App.4th 252, 256-257.) Johnson has already been sentenced for his crime. The resentencing procedure does not increase his sentence; it simply gives eligible inmates the opportunity to seek resentencing. (*Braziel, supra,* 225 Cal.App.4th at p. 944; cf. *People v. Osuna* (Apr. 24, 2014, F067498) __ Cal.App.4th __ [2014 D.A.R. 5128, 5134-5135; 2014 Cal.App. Lexis 363] ["A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed"].) Even for eligible inmates, a reduction in sentence is not guaranteed, as resentencing may be denied if the court, in its discretion, finds resentencing will pose an unreasonable public safety risk. (§ 1170.126, subd. (f); *White, supra,* 223 Cal.App.4th at p. 517.)

Therefore, section 1170.125 does not require that, *for purposes of the Proposition 36 resentencing procedure*, serious and violent felonies must be defined as they were at the time the defendant committed the crime. As Retired Judge Couzens and Presiding Justice Bigelow explain: "The intent of the amendment to section 1170.125 with . . . respect to the eligibility for resentencing is not entirely clear. . . . [S]ection 1170.125 is amended to provide that 'for all offenses committed on or after November 7, 2012, all references to existing statutes in Sections 1170.12 and 1170.126 are to those sections as they existed on November 7, 2012.' On its face, the amendment with respect to section 1170.126 makes no sense—section 1170.126 only applies to crimes committed *prior to* November 7, 2012[.] . . . [¶] Likely the intent of the amendment to section 1170.125, when viewed against the opening paragraph to section 1170.126(a), is to limit the ability to request resentencing to those persons who would be eligible for a lower sentence *had the crime been committed on or after November 7, 2012.* One of the prerequisites to obtaining a resentencing is that the offense which resulted in the life sentence is not itself a serious or violent felony. Sections 667.5(c) and 1192.7(c) defining

14

violent and serious felonies, for the most part, have remained substantially the same since the enactment of the Three Strikes law in 1994.  From time to time, however, the lists have been augmented to include new offenses.  For example, Proposition 21, enacted March 7, 2000, added section 422, making criminal threats, to the list of serious felonies in section 1192.7(c)(38).  *It is of no benefit to a defendant sentenced to a 25-[to-]life term for a violation of section 422 prior to 2000 that the crime was not then listed as a serious felony.*  Based on the objective intent of the amendment to section 1170.125 and the opening paragraph of section 1170.126(a), eligibility for resentencing must be based on the interpretation of statutes as they exist on or after November 7, 2012.  In the case of a person convicted of a violation of section 422 prior to March 7, 2000, he or she would not be eligible for resentencing because section 1192.7(c)(38), as it read on November 7, 2012, lists section 422 as a serious felony." (Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law, *supra,* at pp. 25-26, third italics added.)  We agree with this analysis.

Moreover, even if sections 1170.125 and 1170.126 are considered ambiguous, an examination of the ballot pamphlet arguments made in support of Proposition 36 is illuminating.  Those arguments "were primarily focused on increasing public safety and saving money." (*People v. Yearwood, supra,* 213 Cal.App.4th at p. 171.)  "Enhancing public safety was a key purpose of the Act." (*Id.* at p. 175.)  The ballot pamphlet argument in favor of Proposition 36 stated:  "Today, dangerous criminals are being released early from prison because jails are overcrowded with nonviolent offenders who pose no risk to the public.  Prop. 36 prevents dangerous criminals from being released early.  People convicted of shoplifting a pair of socks, stealing bread or baby formula don't deserve life sentences." (Ballot Pamphlet, Voter Information Guide, Gen. Elec. (Nov. 6, 2012), rebuttal to argument against Prop. 36, p. 53 (Pamphlet); see also *Yearwood*, at p. 171.)  The arguments in favor of Proposition 36 repeatedly stressed that "dangerous criminals" and persons who had committed serious or violent crimes would remain in prison:  "Criminal justice experts and law enforcement leaders carefully crafted Prop. 36 so that truly dangerous criminals will receive no benefits whatsoever from the

15

reform.  Repeat criminals will get life in prison for serious or violent third strike crimes."
(Pamphlet, *supra*, argument in favor of Prop. 36, p. 52.)  "Prop. 36 will assure that
violent repeat offenders are punished and not released early."  (*Ibid*.)  "The Three Strikes
law will continue to punish dangerous career criminals who commit serious violent
crimes—keeping them off the streets for 25 years to life."  (*Ibid*.)  "Prop. 36 will keep
dangerous criminals off the streets."  (*Ibid*.)  "Prop. 36 will help stop clogging
overcrowded prisons with non-violent offenders, so we have room to keep violent felons
off the streets."  (*Ibid*.)  The arguments in favor of Proposition 36 also stressed the fiscal
benefits of the Act:  "Prop. 36 will save taxpayers' money."  (*Ibid*.)  "Taxpayers could
save over $100 million per year" that would otherwise be used to house and care for
"non-violent Three Strikes inmates."  (*Ibid*.; see *Yearwood*, at p. 171.)

Thus, in enacting Proposition 36 the electorate sought to reduce prison
overcrowding and save money, while at the same time protecting public safety by
ensuring that persons deemed to pose a safety risk remained incarcerated and did not
benefit from the Act.  Proposition 36 struck this balance by carefully crafting a set of
eligibility requirements for inmates seeking sentence reductions.  Chief among those
requirements is the noneligibility of persons whose current crime is a serious or violent
felony.  In other words, the electorate made the judgment that persons whose current
offense was defined as a serious or violent felony on November 7, 2012, are deemed to
pose too great a risk to public safety to benefit from the resentencing procedure.

Johnson's crime, witness intimidation, has been defined as a serious felony for
purposes of the Three Strikes law since the enactment of Proposition 21, in 2000.
Proposition 21, like Proposition 36, was enacted to increase public safety.  (*People v.
James, supra,* 91 Cal.App.4th at p. 1151.)  By adding witness intimidation to the list of
"strike" crimes, the electorate expressed its judgment that commission of the crime
demonstrates a defendant's dangerousness and warrants punishment pursuant to the
Three Strikes law.  Given that the electorate has concluded witness intimidation is a
serious felony, and that persons whose current crimes are serious felonies are too
dangerous to be eligible for early release, we do not think it would effectuate the

16

electorate's intent to find Johnson is eligible for resentencing simply because his current crime was not on the serious felony list years ago.  In light of the ballot arguments made in favor of Proposition 36, it is clear the electorate did not intend that an inmate whose current crime was defined as serious over 10 years before Proposition 36 was enacted could gain early release.  The electorate would have had no reason to suspect that a defendant who committed the offense of witness intimidation before March 8, 2000, should be considered any less dangerous than a defendant who committed the same offense after that date.  " '[W]e may not properly interpret the measure in a way that the electorate did not contemplate:  the voters should get what they enacted, not more and not less.'  [Citation.]" (*People v. Park, supra,* 56 Cal.4th at p. 796.)

DISPOSITION

The order is affirmed.

**CERTIFIED FOR PARTIAL PUBLICATION**


ALDRICH, J.


We concur:


CROSKEY, Acting P. J.


KITCHING, J.